J-S13043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                               :                 PENNSYLVANIA

                         v.                         :

FLOYD EDWARD PATTERSON         :

              Appellant         :     No. 871 MDA 2024

Appeal from the PCRA Order Entered May 15, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000903-2014

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:            **FILED JULY 15, 2025**

Appellant Floyd Edward Patterson appeals *pro se* from the order dismissing his third Post Conviction Relief Act[1] (PCRA) petition without a hearing.  Following our review, we affirm.

By way of background, a jury convicted Appellant of aggravated assault, simple assault, recklessly endangering another person, and conspiracy to commit the foregoing offenses in 2015.  On June 17, 2015, the trial court sentenced Appellant to an aggregate term of fifteen to forty years' incarceration.  On appeal, this Court affirmed Appellant's judgment of sentence.  ***See Commonwealth v. Patterson***, 1307 MDA 2015, 2016 WL 5864088 (Pa. Super. filed Aug. 23, 2016) (unpublished mem.).  Appellant did

---

[1] 42 Pa.C.S. §§ 9541-9546.

not file a petition for review with our Supreme Court. Appellant subsequently filed two PCRA petitions, both of which were ultimately denied.

Appellant filed the instant PCRA petition on January 25, 2021. On December 22, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Therein, the PCRA court concluded that Appellant's petition was untimely and that Appellant had failed to establish any exception to the PCRA time bar. *See* PCRA Ct. Rule 907 Notice, 12/22/23, at 7. After Appellant filed a response, the PCRA court issued an order dismissing Appellant's petition.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court subsequently issued a Pa.R.A.P. 1925(a) opinion. Trial Ct. Op., 2/7/25.

On appeal, Appellant raises the following claims:

1. Did not the PCRA court err in failing to consider Appellant's motion for leave for amend his [PCRA] petition and his amended [PCRA] petition?

2. Did not the PCRA court err in failing to consider Appellant's response to PCRA court's notice of intent to dismiss pursuant to Rule 907 and dismissing without a hearing?

3. Did not the PCRA court err in failing to comport with applicable legal standards governing addressing the reasons for denial?

Appellant's Brief at 7 (unpaginated).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is

- 2 -

supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); ***see also Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2).[2] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Here, Appellant's judgment of sentence became final on September 22, 2016, when the period for seeking review with our Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3) (stating that "a judgment becomes final at the conclusion of direct review, including discretionary review in . . . the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); **see also** Pa.R.A.P. 1113(a) (allowing thirty days from entry of order to file petition for allowance of appeal with Pennsylvania Supreme Court). Therefore, Appellant had one year, until September 22, 2017, to file a timely

_____

[2] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

PCRA petition. The instant petition, filed on January 25, 2021, is facially untimely.

Because Appellant's PCRA petition is facially untimely, Appellant was required to plead and prove one of the timeliness exceptions outlined in 42 Pa.C.S. § 9545(b)(1). **See Jones**, 54 A.3d at 16; **Albrecht**, 994 A.2d at 1094.

It is well settled that "[i]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Westlake**, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (citations omitted and some formatting altered). "It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. Further, this Court will not become counsel for an appellant and develop arguments on an appellant's behalf." **Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014) (citations omitted); **see also Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017) (stating that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit"). An appellant's failure to adequately develop an argument results in waiver of the claim. **See Commonwealth v. Taylor**, 277 A.3d 577, 591 (Pa. Super. 2022) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop

the issue in any other meaningful fashion capable of review that claim is waived" (citation omitted)).; *see also* Pa.R.A.P. 2119(a)-(c).

Here, Appellant did not make any reference to the PCRA time bar exceptions or develop any argument concerning the applicability of those exceptions in his brief. Therefore, Appellant has waived any claim regarding the application of those exceptions on appeal. *See Taylor*, 277 A.3d at 591. For these reasons, we conclude that Appellant's instant petition is untimely, and that the PCRA did not have jurisdiction to review Appellant's claims. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/15/2025